FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 03 2007

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

v.

    CV 06-373 BB/WPL
    CR 02-1104 BB

RICHARD VALENCIANO,

    Movant/Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD) (Doc. 8), filed October 24, 2006, and Richard Valenciano's Objections to Magistrate's Proposed Findings and Recommended Disposition (Doc. 11), filed November 13, 2006.

Valenciano first objects to the Magistrate Judge's finding that Valenciano's failure to raise a *Booker* issue on direct appeal bars him from raising this issue in his 2255 Motion. Valenciano contends that he presented his *Booker* issue in a Federal Rule of Appellate Procedure 28(j) letter filed with the Tenth Circuit Court of Appeals on January 3, 2005. The Court of Appeals order dismissing Valenciano's appeal, however, does not address the *Booker* issue raised in Valenciano's 28(j) letter. (Doc. 6, ex. 1 at 7.) The Tenth Circuit's order most likely omits Valenciano's *Booker* claim because the Tenth Circuit does not consider issues raised for the first time in Rule 28(j) letters. *See United States v. Crass*, 129 F. App'x 415, 417 n.1 (10th Cir. 2005) (unpublished) ("This court does not consider arguments raised for the first time in 28(j) letters."); *United States v. Linsey*, 389 F.3d 1334, 1336 n.1 (10th Cir. 2004) (refusing to consider a defendant's challenge to a criminal sentence raised for the first time in a 28(j) letter where the defendant filed neither a Motion for Post-Submission

Consideration nor did the defendant seek permission to file a brief properly raising the issue). The *Booker* issue's absence from the Tenth Circuit's order indicates that Valenciano's *Booker* claim was not properly raised on direct appeal. Accordingly, the *Booker* claim cannot be raised in a 2255 Motion absent a showing of cause and prejudice. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (recognizing that the failure to present an issue on direct appeal bars a petitioner "from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed").[1]

Alternatively, if the *Booker* claim was properly raised in Valenciano's 28(j) letter, an issue raised and disposed of on direct appeal will not be considered in a 2255 Motion. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (a defendant cannot raise on collateral review issues that were considered and disposed of on direct appeal). Under *Anders v. California*, 386 U.S. 738, 744 (1967), the court must conduct a full examination of the proceedings to decide whether the case is wholly frivolous. The Court of Appeals, after a "careful review of the record," concluded that Valenciano had "no meritorious grounds for appeal." (Doc. 6, Ex. 1 at 7.) Accordingly, if Valenciano's *Booker* claim was properly raised on direct appeal, the claim was considered and disposed of in the Tenth Circuit's "careful review of the record" and conclusion that Valenciano had "no meritorious grounds for appeal." (Doc. 6, Ex. 1 at 7.)

---

[1] Valenciano submitted a Motion for Leave to File Reply to the United States' Response to Movant/Defendant's Objection to Proposed Report and Recommendation of Magistrate Judge. In this Motion, Valenciano asserts that his citation of *Booker* in the Rule 28(j) letter merely supplemented the *Blakely* claim already raised in his Appellant's Opening Brief. As discussed below, even if Valenciano's *Booker* claim was properly raised on appeal, an issue raised and disposed of on direct appeal will not be considered in a 2255 Motion. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

As his second objection, Valenciano contends that "the magistrate judge has in addition misconstrued the requirement of an evidentiary hearing or order to expand the record concerning Movant's claim of ineffective assistance of counsel." (Doc. 11 at 2.) In support of this objection, Valenciano contends that all that is required "in order to trigger an evidentiary hearing is to present a 'colorable claim' of ineffective assistance of counsel." (Doc. 11 at 2.)

In his 2255 Motion, Valenciano asserted that his counsel was ineffective for the following reasons: 1) for advising him to testify on his own behalf; 2) for failing to impeach the testimony of Jochmal Gregory; 3) for failing to challenge the basis of the search that led to the discovery of the firearm; 4) for failing to challenge the jury instructions; and 5) for failing to investigate Officer Garcia's relationship with the defendant. Valenciano's claims, however, fail to present factual allegations sufficient to merit an evidentiary hearing. The record before the Magistrate Judge was sufficient to fully resolve Valenciano's claims for ineffective assistance of counsel. *See Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999) ("Because we can fully resolve [petitioner's] ineffective assistance of counsel claim on the record before us, we conclude he is not entitled to an evidentiary hearing on this issue as he suggests."); *Yeaman v. United States*, 326 F.2d 293, 294 (9th Cir. 1963) ("When the merits of such an application can be determined on the record before the court, a hearing is not required nor is the presence of the petitioner necessary.") Moreover, in his objections, Valenciano fails to point to specific facts that could be established at an evidentiary hearing that would support his ineffective assistance of counsel claims. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) (noting that a habeas petitioner's allegations "must be specific and particularized; 'conclusory allegations will not suffice to warrant a hearing'" (quoting *Andrews v. Shulsen*, 802 F.2d 1256, 1272 (10th Cir. 1986))).

IT IS THEREFORE ORDERED THAT:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 8) are adopted by the Court;

2) Movant's Motion for Leave to File Reply (Doc. 13) is GRANTED to the extent that the court has considered the arguments raised therein;

3) the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is denied; and

4) civil case number 06-0373 BB/WPL is dismissed with prejudice.

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE